

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2011

# Jaime Rivera v. William Scism

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-1300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"Jaime Rivera v. William Scism" (2011). *2011 Decisions.* Paper 825.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/825

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-178                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1300
_____

JAIME RIVERA,
                              Appellant

v.

WILLIAM A . SCISM

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 10-cv-01773)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 21, 2011)
_____

OPINION
_____

PER CURIAM

        Jaime Rivera, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 and denying his motion for

reconsideration.  For the reasons that follow, we will affirm the judgment of the District Court.

In 1992, Rivera was convicted after a jury trial in the United States District Court for the Eastern District of Pennsylvania of various drug charges, including distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860.  He received a sentence of 292 months in prison.  Rivera filed a direct appeal, which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b).  In May 1993, Rivera filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  The District Court denied relief on the merits and we affirmed.  Rivera has since brought many challenges to his conviction and sentence, including motions pursuant to 18 U.S.C. § 3582, habeas petitions pursuant to 28 U.S.C. § 2241, and a motion pursuant to 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion, all of which have been unsuccessful.

In 2010, Rivera filed the present habeas petition in District Court pursuant to § 2241 claiming that the trial court erred in treating the drug involved in his offense as a sentencing factor rather than as an element of the offense to be found by the jury beyond a reasonable doubt.  Rivera also claimed that distribution of cocaine is a lesser-included offense of distribution of cocaine within 1000 feet of a school and that he was convicted of both crimes in violation of the Double Jeopardy Clause.[1]  The District Court adopted

---

[1]Rivera raised this claim in his motion for leave to file a second or successive § 2255 motion, which was denied.

the Magistrate Judge's recommendation to dismiss the habeas petition for lack of jurisdiction, explaining that Rivera's claims are properly brought pursuant to § 2255, not § 2241. The District Court denied Rivera's subsequent motion for reconsideration and this appeal followed.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the petitioner is unable to meet § 2255's gatekeeping requirements. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Id. at 538.

Rivera has not made such a showing. As noted above, the fact that Rivera is unable to meet § 2255's gatekeeping requirements for filing a second or successive § 2255 motion does not render a § 2255 motion "inadequate or ineffective."

Rivera's case is also distinguishable from In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), in which we allowed the petitioner to raise in a habeas petition pursuant to § 2241

3

a claim under <u>Bailey v. United States</u>, 516 U.S. 137 (1995).[2] The petitioner in <u>Dorsainvil</u> had no earlier opportunity to challenge his conviction for a crime that <u>Bailey</u> may have negated. <u>Dorsainvil</u>, 119 F.3d at 251.

Rivera argues that he could not raise his double jeopardy claim when he filed his first § 2255 motion because we had yet to decide <u>United States v. Jackson</u>, 443 F.3d 293 (3d Cir. 2006), where we held that § 841(a)(1) is a lesser-included offense of § 860 and convictions for both crimes based on the same set of facts violate the Fifth Amendment's Double Jeopardy Clause. <u>Id.</u> at 300-02. Although <u>Jackson</u> was the first time we "authoritatively stated that 841(a) is a lesser-included offense of 860(a)," <u>id.</u> at 301, at least one court of appeals had so held before Rivera filed his first § 2255 motion and another so held while his § 2255 motion was pending. <u>See</u> <u>United States v. Freyre-Lazaro</u>, 3 F.3d 1496, 1507 (11th Cir. 1993); <u>United States v. Scott</u>, 987 F.2d 261, 266-67 (5th Cir. 1993). Unlike in <u>Dorsainvil</u>, Rivera's claim does not involve an intervening change in substantive law that would negate the criminal nature of Rivera's conduct.

Rivera's argument that he should be able to raise in a § 2241 petition his claim that the trial court erred in treating the identity of the controlled substance involved in his offense as a sentencing factor fails for the same reason. <u>See</u> <u>Okereke</u>, 307 F.3d at 120-21

---

[2]In <u>Bailey</u>, the Supreme Court held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." <u>Dorsainvil</u>, 119 F.3d at 247 (citation omitted).

4

(holding claim under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that finding of drug quantity was improperly made by the trial judge at sentencing must be brought pursuant to § 2255, not § 2241).  Finally, the District Court did not abuse its discretion in denying Rivera's motion for reconsideration.[3]

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

---

[3]In his motion for reconsideration, Rivera argued that the District Court erred in treating a motion for reconsideration of the Magistrate Judge's report as his objections to the report and in failing to conduct a <u>de novo</u> review.  These arguments are without merit.